UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE ATRIUMS OF PALM BEACH CONDOMINIUM ASSOCIATION, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-6142** |
| **QBE INSURANCE COMPANY** | **SECTION: "I" (4)** |

**ORDER**

**IT IS ORDERED** that the **Motion for Expedited Consideration** filed by non-party witness, Dr. Neil B. Hall ("Hall"), on his **Petition to Quash Trial Subpoena** is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Hall's **Petition to Quash Trial Subpoena** is hereby **GRANTED**. Hall claims that the trial subpoena was improperly served at his office and that he did not have sufficient notice to make travel arrangements.

Federal Rule of Civil Procedure ("Rule") 45(b) lays out the requirements for serving a subpoena. Fed.R.Civ.P. 45(b). After reviewing the subpoena attached to Hall's Motion, (Ex. A) the subpoena appears to comply with Rule 45(b). Hall was served at his office in Slidell, Louisiana, which is within the Eastern District of Louisiana, and the subpoena was issued by an Eastern District Court, (*See* Ex. A) thus complying with Rule 45(b)(2)(A). Hall does not raise any specific issues with the service of the subpoena, and the Court's review of the subpoena does not reveal any facial deficiencies, therefore, this argument is rejected.

Hall also argues that the subpoena; served on September 3, 2009, in Slidell, Louisiana, for a September 8, 2009, trial in West Palm Beach, Florida; did not give him sufficient time to comply.

Rule 45(c)(3)(A)(i) states that "[o]n timely motion, the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply." Fed.R.Civ.P. 45(c)(3)(A)(i). In *Tucker v. Tangipahoa Parish Sch. Bd.*, the Eastern District Court held that six days notice was not reasonable for a deposition witness. No. 06-3818, 2007 WL 1989913, at *2 (E.D. La. July 3, 2007). Here, Hall, a non-party, was given five days notice to appear at a trial in West Palm Beach, Florida, hundreds of miles away from his place of business. Under the circumstances, the notice given to Hall was not reasonable and his Petition to Quash the Subpoena should be granted. Furthermore, there is no indication from the Motion or exhibits that there was any justification for the late notice.

Additionally, although Hall does not raise the issue, under Rule 43(c)(3)(A)(ii) "the issuing court must quash or modify a subpoena that . . . requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person . . . ." Fed.R.Civ.P. 45(c)(3)(A)(ii). Here, Hall is a non-party who would be required to travel well over 100 miles from Slidell, Louisiana, to West Palm Beach, Florida to attend trial. For these reasons, Hall's motion to quash the trial subpoena is granted.

New Orleans, Louisiana, this 11th day of September 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**